IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY AUGUST SMITH,  )
          Plaintiff,  )
  -vs-  )   Civil Action No. 15-1426
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
          Defendant.  )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 12) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 10).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he had been disabled since April 15, 2012. (ECF No. 8-6, pp. 2, 6) Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on January 22, 2014. (ECF No. 8-3). On February 24, 2014, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 25-37). After exhausting all of his administrative remedies

1

thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Listing 12.05(C)

Plaintiff's main argument is that the ALJ erred in failing to properly consider whether Plaintiff's intellectual deficits met or equaled the requirements of Listing 12.05(C). (ECF No. 11, pp. 3-13). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c), §404.1521(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §404.1520(a).

3

In this case, the ALJ found that Plaintiff had the following severe impairments: lumbar foraminal stenosis, asthma, obstructive sleep apnea, major depressive disorder, cognitive disorder, borderline intellectual functioning, anxiety, and a history of traumatic brain injury. (ECF No. 8-2, p. 27). The ALJ then proceeded to the next step. *Id.* at pp. 21-36.

In step three of the analysis, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

At issue in this case is Listing 12.05 (intellectual disability). *See*, 20 C.F.R. pt. 404, subpt. P, app. 1 §12.05. Listing 12.05 – Intellectual Disability provides:

> Intellectual disability refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> OR
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
>
> OR
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;
>
> OR
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintain social functions; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P., app. 1 §12.05. As the disjunctive language of the Listing indicates, the required level of severity for this disorder is met when the requirements of both the introductory paragraph and paragraph A, B, C *or* D of the Listing are satisfied.

Plaintiff contends the ALJ erred in not finding that he satisfies Part C of Listing 12.05. (ECF No. 11, pp. 3-13). As set forth above, to satisfy Part C, Plaintiff must have: 1) significantly subaverage intellectual functioning with deficits in adaptive behavior initially manifested during developmental period (i.e., before age 22); 2) a valid verbal, performance, or full scale IQ of 60 through 70, and 3) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. pt. 404, subpt. P., app. 1 §12.05C; *Williams v. Sullivan*, 970 F.2d 1178, 1184 (3d Cir. 1992). Plaintiff suggests that he meets said criteria. (ECF No. 11, pp. 5-13). The ALJ found, however, as follows:

> Finally, the "paragraph C" criteria of listing 12.05 are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. The documentary evidence reflects that the claimant achieved an IQ score of 66 on the Slosson Intelligence Test in 1977. (Exhibit 8E/2). Due to its temporal remoteness, this score is not a persuasive indicator of the claimant's present level of cognitive functioning. The claimant completed several years of school following administration of this test. (Exhibit 8E/3). Furthermore, the claimant is independent in matters of self-care and personal hygiene. (Exhibit 4E/3). Finally, despite his cognitive deficits, the claimant has engaged in substantial gainful activity for a number of years following the end of his formal education. (Exhibit 7D/2).

(ECF No. 8-2, p. 30). After a careful review of the record, I find there is substantial evidence of record to support the ALJ's decision that Plaintiff did not meet the criteria.

Contrary to Plaintiff's argument otherwise, Plaintiff did not produce evidence of a current valid IQ score of 60-70. According to the Program Operations Manual System (POMS), "IQ

5

scores tend to stabilize by the age of 16. Regardless of the claimant's age at adjudication, reliable IQ testing obtained at age 16 or older is valid to support the IQ findings required under listing 12.05." POMSDI 24515.020(c)(5)(a); *see also,* 20 C.F.R. pt. 404, subpt. P., app. 1 §112.00(d)(1) ("IQ test results obtained at age 16 or older should be viewed as a valid indication of the child's current status, provided they are compatible with the child's current behavior. IQ test results obtained between ages 7 and 16 should be considered current for 4 years when the tested IQ is less than 40, and for 2 years when the IQ is 40 or above."). As the record reveals, Plaintiff was 50 at the time of his applications and the IQ scores produced by Plaintiff were from 1973 and 1977, before Plaintiff was 16 years old. Such evidence might be indicative of deficits in adaptive behavior initially manifested during developmental period (i.e., before age 22), but they do not constitute valid current IQ scores. POMSDI 24515.020(c)(5)(a); *see also,* 20 C.F.R. pt. 404, subpt. P., app. 1 §112.00(d)(1).

Plaintiff further suggests that the ALJ should have somehow more fully developed the record. (ECF No. 11, p. 6). I disagree. The regulations make clear that it is the plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is. 20 C.F.R. §§404.1512(a-c), 416.912(a-c). This burden does not shift to the ALJ.

Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §§404.1512(d), 416.912(d). Usually, the issue of whether an ALJ had developed the record fully arises in situations involving a *pro se* claimant where the duty is heightened. *Early v. Heckler,* 743 F.2d 1002 (3d Cir. 1984). Such is not the case here. "When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits." *Yoder v. Colvin,* No. 13-107, 2001 WL 2770045, *3 (W.D. Pa. June 18, 2014), *citing Lofland v. Astrue,* No. 12-624, 2013 WL 3927695,

6

*17 (D. Del. July 24, 2013). Plaintiff has been represented by counsel at all times. Yet, at no time did counsel seek to keep the record open to secure a current valid IQ test or ask the ALJ to order one on Plaintiff's behalf or request any other additional evidence be obtained. (ECF No. 8-3, pp. 2-56). In fact, Plaintiff's counsel fails to offer any explanation as to why he did not do the same. See, ECF No. 11.

Based on my review of the record, I find there was sufficient evidence of record for the ALJ to make a determination of disability. See, ECF No. 8-2, pp. 25-37. Therefore, I find the ALJ did not have a duty to develop the record further. I further find there is substantial evidence to support the ALJ's decision that Plaintiff did not meet the criteria of listing 12.05(C) that requires a valid verbal, performance, or full scale IQ of 60 through 70.[1] Therefore, remand is not warranted in this case.

An appropriate order shall follow.

---

[1] As noted above, the failure to meet even one of the criteria is fatal to Plaintiff's argument. As a result, I need not consider Plaintiff's remaining arguments related to meeting Listing 12.05(C) criteria.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY AUGUST SMITH,             )
                                  )
          Plaintiff,              )
                                  )
     -vs-                         )     Civil Action No.  15-1426
                                  )
CAROLYN W. COLVIN,                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
          Defendant.              )

AMBROSE, Senior District Judge.

## ORDER OF COURT

AND now, this 15th day of November, 2016, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

             BY THE COURT:

             s/   Donetta W. Ambrose
             Donetta W. Ambrose
             United States Senior District Judge